IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,097-02






EX PARTE JAMES RUSSELL THOMAS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W02-73689-V(B) IN THE 292ND JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to fifty years' imprisonment. The Fifth Court of Appeals affirmed
his conviction. Thomas v. State, No. 05-03-01630-CR (Tex. App. - Dallas, November 8, 2004). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance and that
the State withheld favorable evidence from the defense. Applicant alleges that trial counsel failed
to investigate, failed to consult with an expert on child sexual abuse, failed to retain medical experts,
failed to prepare a defense or advance the defense of actual innocence, failed to properly object to
hearsay testimony from the complainant's therapist which did not comply with the medical treatment
exception, failed to object to the introduction of State's exhibit 5 on the basis of irrelevance, and
failed to investigate the complainant's propensity to be untruthful and to commit theft. Applicant
also alleges that the State withheld the report of an intake interview with the complainant's mother
at the Dallas Children's Advocacy Center, which reflected that the complainant had been lying and
stealing, both "previously" and "recently." Applicant alleges that withholding this evidence allowed
the prosecutor to argue during closing that Applicant had presented no evidence of the complainant's
untruthfulness. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial counsel responding to Applicant's claims of
ineffective assistance of counsel. The trial court shall also obtain an affidavit from the trial
prosecutor, stating whether or not the intake report from the Dallas Children's Advocacy Center was
provided to the defense prior to trial, and if not, why not. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with a copy of the trial transcript, including
any pre-trial motions and the trial exhibits. The trial court shall then make findings of fact as to
whether the performance of Applicant's trial attorney was deficient and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make findings of fact as to
whether the State withheld material, favorable evidence from the defense. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: March 7, 2012

Do not publish